1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RHONDA C. JOYCE,                       No. 2:06-cv-02701-MCE-KJM

12            Plaintiff,

13       v.                                 MEMORANDUM AND ORDER

14   WALGREEN CO., an Illinois
     corporation dba in California
15   as WALGREENS; ALISON OSBORN,
     Store Manager; IGAL GAFTER,
16   Pharmacy Manager; and DOES 1-
     100, inclusive,
17
              Defendants.
18

19                          ----oo0oo----

20       Through the present action, Plaintiff Rhonda C. Joyce

21   ("Plaintiff") seeks damages for race discrimination, wrongful

22   termination in violation of public policy, defamation and

23   intentional infliction of emotional distress.  Joyce filed this

24   action in Superior Court of the State of California in and for

25   the County of Sacramento.  Defendants Walgreen Co., Alison Osborn

26   and Igal Gafter ("Defendants") later removed the action to this

27   Court.  Presently before the Court is Plaintiff's Motion for

28   Remand and Attorneys' Fees.

                                    1

1                              **BACKGROUND**

2          Plaintiff, a California resident, was briefly employed as a

3   pharmacy technician in Defendant Walgreen's Sunrise store located

4   in Citrus Heights, California.  Plaintiff resigned her position

5   after she claims she was wrongfully accused of stealing money

6   from the cash register by the Store Manager, Defendant Osborn.

7   According to Plaintiff, both Osborn and the Pharmacy Manager,

8   Defendant Gafter, conspired to fabricate these untrue allegations

9   because they wanted to force Plaintiff, an African-American

10  woman, to quit.

11         Plaintiff subsequently filed a complaint for damages in

12  Superior Court of the State of California in and for the County of

13  Sacramento. Plaintiff alleged race discrimination under California

14  Government Code § 12940, wrongful termination in violation of

15  public policy under California Government Code § 12920, defamation

16  and intentional infliction of emotional distress.[1]

17         Defendants removed the action to this Court pursuant to

18  28 U.S.C. §§ 1332 and 1441 on grounds that Osborn and Gafter,

19  both California residents, were fraudulently joined.  Defendants

20  assert that the presence of Osborn and Gafter in this litigation

21  should be ignored in assessing diversity because no viable cause

22  of action can be sustained against them.[2]

23  ///

24

25         [1] Plaintiff includes all Defendants in each claim except the
    Third Cause of Action for Defamation, in which she names
26  Defendants Walgreen and Osborn, only.

27         [2] If Osborn and Gafter's California citizenship is
    disregarded, complete diversity exists between Defendant
28  Walgreen, an Illinois corporation, and Plaintiff.

In now moving to remand, Plaintiff argues first that the complaint as currently drafted does contain claims as to which both Osborn and Gafter are potentially liable.  Plaintiff alternatively seeks to amend her complaint to add an additional racial harassment claim, contending that the inclusion of such a claim would unequivocally mandate a remand of this matter back to state court.

**STANDARD**

Civil actions not premised upon federal questions are removable to federal court only if there is complete diversity of citizenship between the parties.  28 U.S.C. §§ 1332(a)(1), 1441. Each of the plaintiffs' citizenship must be diverse from each of the defendants'.  *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).  However, if the plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled state law, joinder of the non-diverse defendant is fraudulent and the defendant will be ignored for the purposes of determining diversity.  *McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).

A defendant is entitled to present facts that prove fraudulent joinder.  *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe*, 811 F.2d at 1339). The court may also consider summary judgment-type evidence, such as affidavits and deposition testimony.  *Id.* at 1068  (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 293 (5th Cir. 1995)).

1    If the defendant cannot prove fraudulent joinder and the
2    federal court lacks jurisdiction, the action is remanded to state
3    court.  28 U.S.C. § 1447(c).  An order remanding a removed case
4    to state court "may require payment of just costs and any actual
5    expenses, including attorney fees, incurred as a result of the
6    removal."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 134
7    (2005) (quoting 28 U.S.C. § 1447(c)).  Courts may award
8    attorney's fees only where the removing party lacks an
9    objectively reasonable basis for seeking removal.  *Id.*

10

11                              **ANALYSIS**

12

13   **1.    Fraudulent Joinder**

14

15    The Court first must determine whether Plaintiff has stated
16   a cause of action against Defendants Osborn and Gafter
17   individually.  As mentioned above, if the Plaintiff's failure to
18   state a cause of action against the individual defendants is
19   obvious according to settled rules of state law, the Court will
20   find their joinder to be fraudulent.

21    Defendants present a persuasive argument that Plaintiff's
22   first two causes of action cannot be brought against the
23   individual defendants under the California Fair Employment and
24   Housing Act ("FEHA").  CAL. GOV'T CODE §§ 12900 et seq. (Deering
25   2007).  Under FEHA, individual employees cannot be held
26   personally liable for discrimination.  *Reno v. Baird*, 18 Cal. 4th
27   640, 645-46 (1998).
28   ///

                                    4

1   In addition, claims of wrongful termination in violation of

2   public policy must be brought against an employer, as opposed to

3   a manager or supervisor.  *Phillips v. Gemini Moving Specialists*,

4   63 Cal. App. 4th 563, 576 (1998).

5        The Court is nonetheless not required to rule on the

6   plausibility of Plaintiff's first two causes of action since it

7   concludes that Defendants cannot definitively discount the

8   plausibility of Plaintiff's Third Cause of Action, for

9   Defamation, against Defendant Osborn.  Plaintiff alleges that

10  Defendant Osborn falsely, and repeatedly, accused her of stealing

11  money from the cash register in front of store customers, and

12  that she and Defendant Gafter conspired together in fabricating

13  such untrue statements for reasons of racial animus.  While

14  Defendants claim that the defamatory statements cannot result in

15  liability upon an individual employee, citing *Farmers Ins.*

16  *Group v. County of Santa Clara,* 11 Cal. 4th 992 (1995), the

17  present action is distinguishable, as the immunity provided in

18  *Farmers* is only available to public entity employees.  *Id.* at

19  997.  Defendant Walgreen is a private entity, and its employees

20  cannot invoke the protections of California's Tort Claims Act.

21  CAL. GOV'T CODE §§ 810 et seq. (Deering 2007).

22       Defendants also argue that Plaintiff's defamation claim is

23  barred because the defamatory statements are conduct related to

24  personnel decisions and cannot yield individual liability under

25  *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 346 (1998).  This

26  Court is unwilling to conclude that Defendants' accusation of

27  theft is related to a subsequent personnel decision.

28  ///

The *Sheppard* court asserted that personnel decisions are, among other things, "termination, discipline, transfers, compensation setting, work assignments and/or performance appraisals." *Id.* at 343. Had Defendants incorporated their alleged accusations into a decision to discipline or terminate Plaintiff, their claim to immunity under *Sheppard* would be more strongly supported. Here, however, Plaintiff resigned following Defendants' accusations and those accusations do not clearly mesh with the carefully-defined concept of "personnel decision" as defined by *Sheppard*. Defendants consequently have not definitively shown, as they must, that the defamation cause of action obviously fails against Defendant Osborn according to settled California law.

Because Plaintiff's defamation cause of action against Defendant Osborn is not obviously unsupported by settled state law, Defendants have not proven fraudulent joinder. Accordingly, Plaintiff's Motion for Remand must be granted on that basis alone. It is not necessary to address whether Plaintiff's Fourth Cause of Action, for Intentional Infliction of Emotional Distress, is viable against the individual Defendants. Nor is it necessary for the Court to entertain Plaintiff's request that the Complaint be amended to add a claim for racial harassment since the Court concludes it has no jurisdiction over the complaint as it currently stands.

## 2.   Attorney's Fees

An award of Attorney's fees is discretionary and does not issue automatically upon remand. *Martin,* 546 U.S. at 552.

Rather, the court will only award fees upon remand when doing so is just, and the removing party has done so unreasonably. *Id.* at 554-55.  This Court's own difficulty in determining the degree to which state law is settled as to individual liability for defamatory statements in an employment context yields the conclusion that Defendants' removal was not unreasonable.  Thus, Plaintiff's Motion for Order Awarding Costs and Fees is DENIED.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED, and Plaintiff's Motion for Costs and Attorneys Fees is DENIED.[3]  The case is hereby remanded to the Superior Court of the State of California in and for the County of Sacramento for all further proceedings.

IT IS SO ORDERED.

Dated: July 17, 2007

_____

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

7